IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DORAL MORTGAGE
CORPORATION/DORAL FINANCIAL
CORPORATION,

    Appellant,

    v.

WILFREDO SEGARRA-MIRANDA,

    Appellee.

Civil No. 08-1868 (GAG)

Bankruptcy No. 05-12779 (SEK)

## OPINION & ORDER

Presently before the court is the appeal by defendants-appellants Doral Mortgage Corporation and Doral Financial Corporation (jointly "Doral") of an Opinion and Order issued by the United States Bankruptcy Court for the District of Puerto Rico, which found for plaintiff-appellee Wilfredo Segarra-Miranda, Chapter 7 Trustee ("Trustee") for the Estate of Luz N. Velez Rosado ("Debtor"). The issue before the Bankruptcy Court was whether pursuant to the Trustee's "strong arm" powers under Section 544 (a)(3), 11 U.S.C. § 544 (a)(3), he was entitled to avoid the unperfected mortgage lien in favor of appellants. Appellants argue that the Bankruptcy Court erred in conferring upon the Trustee a *bona fide* third-party purchaser status with the power to avoid a lien under Puerto Rico law, without the Trustee complying with the elements required under Puerto Rico Mortgage Law Article 105, P.R. Laws Ann., tit. 30, § 2355. For the reasons set forth below, the court **AFFIRMS** the judgment of the Bankruptcy Court.

**I.**     **Jurisdiction**

This is an appeal of the Opinion and Order issued by the United States Bankruptcy Court for the District of Puerto Rico on July 15, 2008, in Adversary Proceeding No. 07-00292 (SEK), base Bankruptcy Case No. 05-12779 (SEK). The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. § 1334, which confers jurisdiction on this court as to all matters arising under 11 U.S.C. §§ 101 et seq., and pursuant to this court's resolution dated July 19, 1984, which, in turn, refers all Title 11 matters to the United States Bankruptcy Court for the District of Puerto Rico. This court has

**Civil No. 08-1868 (GAG)**                    2

appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

## II.    Standard of Review

Appellate courts reviewing a bankruptcy appeal generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995); In re Savage Indus., Inc., 43 F.3d 714, 719-20 n.8 (1st Cir. 1994). Where the issue on appeal is essentially one of statutory interpretation, appellate courts review the issue *de novo*. In re San Miguel Sandoval, 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)). In addition to the clearly erroneous and *de novo* standards of review, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court." Id. (quoting 9E Am.Jur.2d Bankruptcy § 3512 (2004)).

## III.   Relevant Procedural and Factual Background

The following factual summary is derived from the undisputed facts included in the Bankruptcy Court's Opinion and Order.

Debtor had guaranteed repayment of a $166,500 loan, plus interests and other charges, by executing a mortgage deed, which created an unperfected lien on her residence. The deed was presented as a Bill of Entry in the Registry of the Property of Puerto Rico on November 10, 2004. The presentation was recorded in the Registry's daily book on real property number 31,780, instead of the residence's real property number 37,180. It is not clear who committed this error. The Registrar corrected the mistake on February 13, 2007, sixteen months after Debtor filed for bankruptcy relief.

In January, 2007, the Trustee filed an application to appoint a realtor to help sell the residence. The Trustee produced evidence that demonstrated that the book of daily presentations kept by the Registrar showed the lien was recorded on realty number 31,780, when the residence's real number was 37,180. Trustee asked for time to complete his investigation. Later, he filed the aforementioned adversary proceeding followed by a request for summary judgment.

The Trustee claims relevant portions of the mortgage law of Puerto Rico require inscription

of the mortgage deed for it to be perfected and valid against third parties. The process of inscription begins when the mortgage deed is presented and recorded in the daily book of presentations kept by the Registrar. This entry preserves rank, as the inscription of the mortgage relates back to the date and time the Bill of Entry is recorded in the daily books, applying the principle of *prior tempore potior iure*. Now, if the Bill of Presentation is recorded on the wrong parcel of land, the inscription relates back to that mistaken entry. "The mortgage law recognizes the fact that an inscription or recording may not reflect the real status of the property [ . . . ] [providing] a process of rectification of inaccuracies . . ." Juarbe Alicea v. Juarbe Auto Sales, Inc., 640 F. Supp. 110, 112 (D.P.R. 1986). Thus, the mortgage law allows the Registrar to rectify an erroneous entry in the daily books. P.R. Laws Ann., tit. 30, §§2501-2505. Specifically applicable to the situation at hand are sections 2502 and 2505 interpreting rectification of errors in daily books as relating back to date of presentation.

The Trustee claims he became a *bonafide* purchaser of the residence before the Registrar rectified the error. Hence, the corrected entry could not relate back to the date the Bill of Entry was mistakenly recorded due to his intervening interest in the realty acquired under 11 U.S.C. § 544 (a)(3). Under local law, the rectification cannot relate back to the date the Bill of Entry was presented when there is an intervening third party such as a *bonafide* purchaser. Therefore, the Trustee argues that he can avoid the mortgage lien as a nullity pursuant to 11 U.S.C. § 544.

Defendants claim that the Trustee's strong arm powers under 11 U.S.C. § 544 are limited to actions taken in good faith and with clean hands. Here, the Trustee cannot be deemed a *bonafide* purchaser of Debtor's interest in the real property because as part of any real property purchase transaction from the Debtor, the Trustee would have become aware of Doral's indebtedness and the mortgage. Defendants also say that 11 U.S.C. § 546 (b) authorizes the Registrar to rectify the error, opening way for eventual perfection of the mortgage lien on the residence that would relate to the date of the mistaken recordation in the books of daily presentation. Consequently, Defendant's mortgage would be recorded before entry of the order for relief, and the Trustee would acquire Debtor's interest in her residence subject to the mortgage lien that cannot be avoided under 11 U.S.C. §544 (a)(3). Lastly, Defendants challenge Trustee's claim that he is an intervening third party whose rights over the residence cannot be affected by the Registrar's rectification based on Juarbe

**Civil No. 08-1868 (GAG)**  4

Alicea. Without elaborating, Defendants state that the Trustee is imputed with Debtor's knowledge of its debt and voluntary mortgage with Doral, hence he could not be deemed a third party with legitimate rights. To hold otherwise, would penalize the non-negligent lien holder for the Registrar's mistakes and provide a windfall to the estate in bankruptcy.

**IV.    Discussion**

After an extensive review of the appellant's and appellee's briefs, as well as the Bankruptcy Court's Opinion and Order and independent research done by this court, the court finds that the Bankruptcy Court's rationale in its Opinion and Order was indeed correct. Appellants make a compelling argument as to whether the Trustee should be considered a *bonafide* purchaser. However, the court agrees with the Bankruptcy Court's finding that under section 544 of the Bankruptcy Code, at the instant of the filing of a voluntary petition in bankruptcy, the trustee is automatically vested with the rights and powers to avoid any transfer or obligation of the debtor that might be avoidable by a *bonafide* third-party purchaser under non-bankruptcy state law. Given that a *bonafide* third-party purchaser could avoid the mortgage lien at issue here, the Trustee can also avoid it. For these reasons, the court adopts the well-reasoned opinion of the Bankruptcy Court.

**V.    Conclusion**

For the aforementioned reasons, the judgment of the Bankruptcy Court is hereby **AFFIRMED**.

**SO ORDERED**.

In San Juan, Puerto Rico this 10th day of September 2009.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge