1

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

3

4     **ALMA SIMONET, et al.,**

5     **Plaintiffs,**

                                                  **Civil No. 06-1230 (GAG/CVR)**
6     **v.**

7     **GLAXOSMITHKLINE, et al.,**

8     **Defendants.**

9

10        **SECOND ORDER (NUNC PRO TUNC) ON MOTION FOR
          FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

11

12        AND NOW, this 4th day of September, 2009, upon consideration of the Joint Motion

13    for Final Approval of Class Action Settlement, the evidence and arguments submitted at the

14    hearing on July 27, 2009, and all matters of record, it hereby is Ordered and Decreed that the

15    Motion is **GRANTED**.

16        The Court makes the following findings of fact and conclusions of law:

17        1.    This Settlement between Alma Simonet, Julie Goldenberg, Universal Care, Inc.,

18    individually and in their capacities as class representatives ("Plaintiffs"), and their counsel,

19    and GSK will have the effect of resolving all the class actions asserting these claims against

20    Defendants, including a case in another jurisdiction.  The cases are:

21            •    This case, *Simonet v. SmithKline Beecham Corporation,* U.S.D.C., Dist.
                   Of Puerto Rico, Case No. 06-1230; and

22
              •    *Goldenberg, et al. v. SmithKline Beecham Corporation,* California
23                 Superior Court, Orange County, Case No. 04-CC-00653 ("*Goldenberg*
                   action").
24
          2.    Defendants are the manufacturer and marketer of the prescription drug Paxil
25
      CR®.
26
          3.    In this action, originally filed on March 6, 2006 in the District of Puerto Rico,
27
      the named plaintiff sought certification of a nationwide class of all persons who purchased
28

**Civil No. 99-1435 (GAG)**

1  Paxil CR®.  The *Goldenberg* action was filed on September 21, 2004.  Both actions involved

2  allegations of defective manufacturing processes at GSK's Puerto Rico plant, such that the

3  Paxil CR® produced during the class period was not manufactured by proper manufacturing

4  processes and suffered from certain defects, including, for example, that the pills would

5  "split apart."

6         4.  GSK, through demurrers, motions to dismiss and/or responsive pleadings, denied

7  all allegations of unlawful conduct, and raised numerous affirmative defenses.

8       Through extensive negotiations between counsel for the Plaintiffs in both this case and

9  the *Goldenberg* action and counsel for GSK, the parties have reached a settlement, which

10 Plaintiffs and their counsel consider be fair, reasonable, adequate and in the best interests of

11 the putative class.

12        5.  Under this settlement, GSK will pay up to Twenty Eight Million Dollars ($28

13 million) to settle class member claims ("Settlement Amount").  The Settlement Amount will

14 be allocated between two subclasses:  a Third-Party Payor Class and a Consumer Class.  A

15 total of Eleven Million Two Hundred Thousand Dollars ($11.2 million), which is 40% of

16 $28 million, will be allocated to settle the Third-Party Payor Class Claims (the "TPP Class

17 Settlement Amount").  A maximum of Sixteen Million Eight Hundred Thousand Dollars

18 ($16.8 million), which is 60% of $28 million, will be allocated to settle the Consumer Class

19 Claims (the "Consumer Class Settlement Amount").   The settlement monies will be

20 distributed by a Claims Administrator to each class member who submits a valid claim.

21        6.  In summary, the Settlement provides a two-tier claims process for the Consumer

22 Class that allows members of the Class to recover costs for defective Paxil CR®.  A claims

23 process for the Third-Party Payor Class will allow members of the TPP Class to recover costs

24 for Paxil CR® based on the number of TPP claims made and the number of covered lives

25 for each covered TPP.

26        7.  The claims period is open until August 10, 2009, after which the claims

27

28                                          2

**Civil No. 99-1435 (GAG)**

1   administrator will perform a final accounting and all validated Consumer Class Claims and

2   validated TPP Class claims will be paid.

3         8.     On March 2, 2009, Plaintiffs and GSK jointly presented the proposed

4   settlement for preliminary approval to this Court.

5         9.     Following the hearing, the Court granted the joint motion and certified the

6   Consumer Class and the TPP Class.  The Court also appointed class counsel.

7         10.     The Court preliminarily found that the proposed settlement was fair,

8   reasonable and adequate, found that the notice plan satisfied Due Process, and ordered notice

9   to be commenced April 1, 2009.  In addition, the Court allowed class members to opt out of

10   the settlement by May 15, 2009 or to object to the settlement by July 1, 2009.  The Court

11   allowed class members until August 10, 2009 to file a claim.

12         11.     In accordance with the Order, the parties carried out an extensive notice plan

13   to educate and inform the class of their rights under the settlement, which was commenced

14   April 1, 2009..  That plan included (a) direct notice by first class mail to potential TPP Class

15   Members; (b) broad notice through the use of paid media including national newspaper

16   supplements, national consumer magazines, television spot advertising, newspaper

17   advertising in the United States Territories and trade publications; (c) notice through a

18   national earned media campaign utilizing a press release; and (d) electronic notice through

19   a dedicated informational Internet website and keyword/term sponsorship on major search

20   engines.  The Court finds this notice was the best notice practicable and did meet the

21   requirements of Due Process.

22         12.     The Court further finds that the notice of the proposed settlement was

23   sufficient and furnished Class members with the information they needed to evaluate whether

24   to participate in or opt-out of the proposed settlement.  The Court therefore concludes that

25   the notice of the proposed settlement met all requirements required by law, including all

26   constitutional requirements.  Specifically, the notice stated in plain language: (1) a

27

28                                             3

**Civil No. 99-1435 (GAG)**

1  description of the class; (2) a description of the claims asserted in the lawsuit; (3) a

2  description of the settlement; (4) the deadline for filing a claim form; (5) the names of class

3  counsel; (6) a description of the fairness hearing; (7) a statement of the maximum amount

4  of attorneys' fees that may be sought by class counsel; (8) the deadline for filing objections

5  to the settlement; (9) a description of how to receive further information about the settlement;

6  and (10) a description of how to opt-out of the settlement.

7         13.    Even though Plaintiffs enjoyed significant success during this litigation,

8  GSK's defenses were strong and a successful outcome for the plaintiffs was by no means

9  assured. The Court therefore finds that the possible risks to the Plaintiffs' claims, if the

10  claims were not settled, strongly favors final approval of the proposed settlement.

11         14.    This litigation has been complex, lengthy and expensive. GSK has raised a

12  number of complex legal issues and the case has been on file for more than four years.

13  Given the scope of the pretrial activity in the case, further litigation through certification,

14  merits discovery, and trial would have been a significant burden on all parties. This factor

15  therefore weighs in favor of final approval.

16         15.    The Court finds that the amount of opposition to the settlement is de minimis

17  and that the overall Class' reaction is overwhelmingly favorable.  Further, the court notes

18  that the TPP Class consists of entities that are sophisticated and thus, to the extent TPP Class

19  members have not made objections, it can be presumed that they support the settlement.

20  These factors weigh heavily in favor of final approval.

21         16.    The settlement is fair, reasonable and adequate in the opinion of Counsel in

22  this matter as well as others. This factor weighs in favor of final approval.

23         17.    The parties engaged in extensive and thorough discovery in the matter and

24  were thus well informed as to the strengths and weaknesses of their positions.  This factor

25  weighs in favor of final approval.

26         18.    The Court finds that the settlement will benefit participating class members;

27

28                             4

**Civil No. 99-1435 (GAG)**

1  accordingly, class members who have not opted out of the settlement, based on the initial

2  notice, shall remain as class members and are bound by the terms of the settlement.

3        19.     There were minimal objections to the terms of the settlement, all filed by

4  consumers or alleged representatives of consumers.  The Court has considered these

5  objections and finds they are unfounded, result from misunderstanding of the terms of the

6  settlement, and lack merit to overcome the presumption of reasonableness that was the result

7  of arms-length negotiations between the parties, coupled with the overwhelming, nearly

8  unanimous support for the settlement demonstrated by the absence of any other objections,

9  and the small number of exclusion requests.

10       20.     The Court having reviewed and considered the Settlement and all documents,

11  evidence and arguments of all counsel; the Court being fully advised in the premises and

12  good cause appearing therefore, the Court finds that the Settlement reached is the result of

13  arm's length negotiations, the Settlement is fair, reasonable, adequate and in the best interests

14  of the Class, and the Motion for Final Approval should be **GRANTED**.

15            **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

16       1.     The Court has personal jurisdiction over the parties and has subject matter

17  jurisdiction over the Action.

18       2.     All Class members who timely exercised their right to opt out as provided in

19  the Court-approved notice are identified in Exhibit A hereto.

20       3.     The Court hereby determines that the Settlement is fair, reasonable and adequate

21  and in the best interests of the Class members, that there are no valid objections to the

22  Settlement, and that, accordingly, the Settlement is finally approved.

23       4.     GSK shall allocate $28,000,000.00 (the "Settlement Amount") in full, complete

24  and final settlement of the case, all Released Claims and any obligations GSK might

25  otherwise have to pay for notice to Class members, the claims of Class members

26  ("Settlement Benefit"), interest, the costs of administration of the Settlement, and the cost

27

28                                          5

**Civil No. 99-1435 (GAG)**

1   of suit, including attorneys' fees.

2   5.   Class members who submit a claim form by December 12, 2008, with the

3   supporting data as required in the form, will be entitled to payment for their claim according

4   to the percentage formula and criteria set forth therein.

5   6.   The Claims Administrator shall determine which Class members have submitted

6   the requisite proof and shall distribute the Settlement Benefit to those Class members. Each

7   Class member will receive their full Settlement Benefit in one payment.

8   7.   All settlement expenses of whatever kind relating to administration and notice,

9   and all attorneys' fees and costs and incentive awards to be borne by GSK shall be paid out

10  of the Settlement Amount and not additionally by GSK. If the aggregate amount of claimed

11  benefits, exceeds the balance of the Settlement Amount after payment of fees, expenses and

12  costs, the benefits shall be reduced on a *pro rata* basis, so that in no event is the Settlement

13  Amount exceeded.

14  8.   In accordance with the terms of the Settlement (and with the exception of those

15  persons who opted-out, identified in Exhibit A hereto):

16      a.   The case is dismissed with prejudice.

17      b.   Upon this Settlement receiving Final Approval, the Class Plaintiffs, on

18      behalf of themselves and all Class Members, and their successors, heirs and assigns,

19      and anyone acting on their behalf, including in a representative or derivative capacity

20      (collectively "Class Releasors") shall (i) release Defendants and their present and

21      former parents, subsidiaries, divisions, affiliates, stockholders, benefit plans, officers,

22      directors, employees, agents and any of their legal representatives, and the

23      predecessors, heirs, executors, administrators, successors and assigns of each of the

24      foregoing (collectively the "Releasees") from all claims, demands, actions, suits,

25      causes of action, liabilities of any nature whatsoever (including claims for damages,

26      costs, expenses and attorneys' fees), known or unknown, suspected or unsuspected,

27

28                                          6

**Civil No. 99-1435 (GAG)**

in law or equity, relating to defective and/or adulterated Paxil CR® manufactured at the Cidra facility, that were or could have been alleged in the *Simonet* Case or the *Goldenberg* Case ("Released Claims").

      c.   The foregoing release does not cover, and GSK will not assert this Release or the Settlement of claims pursuant to the Settlement Agreement as a defense to any claim for personal injury by any person which might or could have been sustained by the ingestion of Paxil CR®.  A Settlement Class member may not claim or recover economic damages released by this Settlement Agreement for itself or on behalf of any of its members or insureds, either through subrogation or any other theory that would allow the Settlement Class Member to recover such damages on behalf of its members or insureds.

      d.   Members of the class are permanently enjoined from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, or other proceeding based on, relating to, or arising out of the Released Claims in this case.

9.   The Court approves the payment of the following incentive awards and settlements to the named Plaintiffs and individual consumers who were named plaintiffs in the pending settled cases, for their special efforts that benefited the absent Class members, such amounts to be paid from the award of attorneys' fees:

      e.   Alma Simonet      $10,000

      f.   Julie Goldenberg      $10,000

      g.   Universal Care, Inc.      $20,000

10.   Nothing in this Final Order and Judgment or the Settlement is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by GSK or of the truth of any of the claims or allegations in the case.  The Court has made, and herein makes, no determination as to the merits of the

**Civil No. 99-1435 (GAG)**

1  claims.

2      11.     Without affecting the finality of this Final Order and Judgment, the Court

3  retains continuing jurisdiction over this case and the parties, including all members of the

4  Class, concerning the administration and enforcement of the Settlement, and the benefits to

5  the Class thereunder.

6      12.     The Settlement Agreement between the parties and all negotiations,

7  proceedings, documents prepared and statements made in connection herewith shall not be

8  admissible in any proceeding for any purpose, except to enforce or interpret the terms herein

9  in any dispute between the parties.

10      **SO ORDERED.**

11      In San Juan, Puerto Rico this 10th day of September, 2009

12

13                                        *S/Gustavo A. Gelpí*

                                          GUSTAVO A. GELPI
14                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          8